1 │ JILL P. TELFER, State Bar No. 145450
  │ LAW OFFICES OF JILL P. TELFER
2 │ A Professional Corporation
3 │ 331 J Street, Suite 200
  │ Sacramento, California 95814
4 │ Telephone:      (916) 446-1916
  │ Facsimile:      (916) 446-1726
5 │ E-mail:      jtelfer@telferlaw.com
6 │ Attorneys for Plaintiff
  │ DUSTIN DOMINGO
7 │
8 │
9 │                **UNITED STATES DISTRICT COURT**
10 │                **EASTERN DISTRICT OF CALIFORNIA**
11 │
12 │ DUSTIN DOMINGO,                        Case No.:
13 │                                        **COMPLAINT FOR EMPLOYMENT**
   │              Plaintiff,                **DISCRIMINATION AND RETALIATION**
14 │                                        **\*\*\*JURY TRIAL DEMANDED\*\*\***
   │      v.
15 │ UNDERGROUND CONSTRUCTION CO.,
16 │ INC., QUANTA SERVICES, INC., and
   │ DOES 1 through 20, inclusive,
17 │
   │              Defendants.
18 │
19 │      COMES NOW PLAINTIFF, DUSTIN DOMINGO, who alleges as follows:
20 │                    **JURISDICTION AND VENUE**
21 │      1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)
22 │ (diversity jurisdiction) and the amount in controversy for the named Plaintiff exceeds seventy-five
23 │ thousand dollars ($75,000.00). Diversity jurisdiction exists because Plaintiff is a citizen State of
24 │ California and the Defendants are citizens of the State of Delaware.
25 │                            **PARTIES**
26 │      2.      Defendant UNDERGROUND CONSTRUCTION CO., INC., ("Underground") is a
27 │ Delaware corporation authorized to do business within the State of California. Underground
28 │ provides specialty contractor services related to underground heavy construction. Plaintiff is

1

1 informed and believes that QUANTA SERVICES, INC., ("Quanta") is the parent company. At all
2 relevant times herein the Defendants were Plaintiff's employer.

3     3.    Plaintiff DUSTIN DOMINGO ("Domingo") worked as a Field Engineer/Project
4 Coordinator and was an exemplary employee. However, once Defendants learned of Domingo's
5 mental disability, Defendants denied Domingo's request for reasonable accommodation and failed
6 to engage in a timely and good faith interactive process and terminated him while on protected leave.

7     4.    The true names and capacities of Defendants named herein as DOES 1 through 20
8 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who
9 therefore sue such Defendants by fictitious names. Plaintiff is informed and believes that the DOE
10 Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's
11 injuries were proximately caused by the aforesaid Defendants. Plaintiff will amend this Complaint
12 to show such true names and capacities when they have been determined.

13     5.    Plaintiff is informed and believe and thereby alleges that each of the Defendants
14 herein was at all times relevant hereto the agent, employee, or representative and/or joint venturer
15 of the remaining Defendants and was acting at least in part within the course and scope of such
16 relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the
17 Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the
18 remaining Defendants.

19     6.    Plaintiff alleges Defendants and each of them have actively participated in the
20 discrimination and/or retaliation against Domingo because of his PTSD, requests for reasonable
21 accommodation and family medical leave and/or failed to intervene or otherwise prevent said
22 discrimination and retaliation despite their knowledge of the illegal activities.

23     7.    Plaintiff made request for reasonable accommodation. These requests for help were
24 ignored by Defendants in violation of the law. Defendants have refused to accommodate Plaintiff's
25 disability, refused to engage in an interactive process and terminated his employment.

26     8.    Domingo field an administrative complaint with the Department of Fair Employment
27 and Housing and received a right to sue on January 12, 2022. He filed his administrative charge with
28 the EEOC on or about January 21, 2022 and received his right to sue on March 3,2022.

1

**FIRST CAUSE OF ACTION**

2

**Retaliation for Requesting Reasonable Accommodation**

3

**Under Government Code § 12490 - California Fair Employment and Housing Act**

4    9.    Domingo hereby incorporates by reference paragraphs 1 through 8 as set forth fully

5  herein.

6    10.    Plaintiff engaged in the protected activity of requesting reasonable accommodation.

7  Domingo required reasonable accommodation for his Post Traumatic Stress Disorder ("PTSD").

8    11.    Defendants refused to reasonably accommodate Domingo and instead terminated his

9  employment for pretextual reasons. As a result of Plaintiff's protected activities, Defendant took

10  adverse actions against him.

11    12.    As a result of the aforementioned conduct alleged herein, plaintiff has suffered, and

12  continues to suffer, humiliation, anxiety, mental anguish, emotional distress back wage loss and loss

13  of earning capacity. Plaintiff has suffered and continues to suffer irreparable and other injury as a

14  direct and legal result of actions of Defendants including severe anxiety, physical ailments directly

15  attributable t As a proximate result of Defendant's willful, intentional and malicious conduct,

16  Plaintiff has suffered and continues to suffer humiliation, embarrassment, and extreme mental and

17  emotional distress.  Therefore, Plaintiff is entitled to an award of general and punitive damages

18  against the Defendants.

19    13.    The Defendants, and each of them, committed the acts alleged herein recklessly,

20  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for

21  an improper and evil motive amounting to malice and with a reckless and conscious disregard of

22  Domingo's rights. All actions of the Defendant's employees, and each of them, their agents, herein

23  alleged were known, ratified and approved by the managing agents and officers of Defendants, and

24  each of them. Domingo thus is entitled to recover punitive and exemplary damages from the

25  Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based

26  on the wealth and ability to pay according to proof at the time of trial.

27  ///

28  ///

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

**SECOND CAUSE OF ACTION**

**Discrimination Based on Mental Disability**

**Under California Government Code § 12940 et seq.**

14.    Domingo hereby incorporates by reference paragraphs 1 through 13 as set forth fully herein.

15.    Domingo was at all times material hereto an employee covered under California Government Code § 12940 prohibiting discrimination in employment on the basis of mental disability.

16.    Defendants were and are at all times material hereto an employer within the meaning of California Government Code § 12926, subdivision (c), and as such, barred from discriminating in employment decisions on the basis of disability perceived disability or medical condition.

17.    Defendants have discriminated against Domingo on the basis of his mental disability in violation of California Government Code § 12940 in a course of conduct more fully set fort in the paragraphs below. In particular, Defendants failed to engage in a timely and good faith interactive process, denied reasonable accommodation even though accommodation would not have created an undue hardship and terminated Plaintiff on March 3, 2021.

18.    As a proximate result of Defendants' discrimination against Plaintiff, Domingo has suffered and continues to suffer losses incurred in earnings, deferred compensation and other employment benefits and awards and has suffered and continues to suffer such embarrassment, humiliation, anxiety, depression and mental anguish all to his damage in an amount according to proof.

19.    As a result of the aforementioned conduct alleged herein, Domingo has suffered and continues to suffer humiliation, anxiety, depression, mental anguish, emotional distress, wage loss and loss of earning capacity.

20.    Domingo has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendant including severe anxiety, physical ailments directly attributable to stress and other emotional trauma thereof. As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiff has suffered and continues to suffer humiliation,

4

1  embarrassment, and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an
2  award of general and punitive damages against the Defendants.

3      21.    The Defendants, and each of them, committed the acts alleged herein recklessly,
4  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for
5  an improper and evil motive amounting to malice and with a reckless and conscious disregard of
6  Domingo's rights. All actions of the Defendant's employees, and each of them, their agents, herein
7  alleged were known, ratified and approved by the managing agents and officers of Defendants, and
8  each of them. Domingo thus is entitled to recover punitive and exemplary damages from the
9  Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based
10  on the wealth and ability to pay according to proof at the time of trial.

11                          **THIRD CAUSE OF ACTION**

12              **Disability Discrimination - Failure to Accommodate**

13              **Violation of the Fair Employment and Housing Act**

14      22.    Domingo hereby incorporates by reference paragraphs 1 through 21 as set forth fully
15  herein.

16      23.    Domingo is a qualified disabled individual who has a mental disability. He required
17  accommodation to perform the essential functions of his position while working for Defendants.
18  Defendants refused to make reasonable accommodations for Domingo even though doing so would
19  not have created an undue hardship.

20      24.    Beginning in January 2021, Domingo made a request for reasonable accommodation
21  and continued to do so up until his termination.

22      25.    Domingo provided his doctor's note to further appraise Defendants of Domingo's
23  limitations. Defendants refused to provide any reasonable accommodation which would have
24  enabled Plaintiff to continue working.

25      26.    Rather than accommodate Domingo by allowing him to work remotely or take a
26  finite medical leave, Defendants terminated his employment.

27      27.    As a result of the aforementioned conduct alleged herein, Domingo has suffered and
28  continues to suffer humiliation, anxiety, depression, mental anguish, emotional distress, lost wages

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

1 | and earning capacity. Defendants willfully and knowingly failing to accommodate Domingo and his
2 | ultimate termination are outrageous and beyond the scope of conduct which should be tolerated by
3 | citizens in a civilized society.

4 |     28.    As a proximate result of Defendant's willful, intentional and malicious conduct,
5 | Plaintiff has suffered and continues to suffer humiliation, embarrassment, and extreme mental and
6 | emotional distress.  Therefore, Plaintiff is entitled to an award of general and punitive damages
7 | against the Defendants.

8 |     29.    The Defendants, and each of them, committed the acts alleged herein recklessly,
9 | maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for
10 | an improper and evil motive amounting to malice and with a reckless and conscious disregard of
11 | Domingo's rights. All actions of the Defendants' employees, and each of them, their agents, herein
12 | alleged were known, ratified and approved by the managing agents and officers of Defendants, and
13 | each of them. Domingo thus is entitled to recover punitive and exemplary damages from the
14 | Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based
15 | on the wealth and ability to pay according to proof at the time of trial.

16 |     30.    As a direct and proximate result of the conduct of Defendants and each of them,
17 | Domingo has incurred and will continue to incur special damages including, but not necessarily
18 | limited to lost wages and salary, lost benefits, lost future earnings and benefits, medical costs and
19 | expenses all in an amount to be determined according to proof at trial.

20 |     31.    Domingo has suffered and continues to suffer irreparable injuries and other injuries
21 | as a direct and legal result of the actions of Defendant including severe anxiety, physical ailments
22 | directly attributable to stress and other emotional trauma.

23 | **FOURTH CAUSE OF ACTION**

24 | **Disability Discrimination - Failure to Engage in A Good Faith Interactive Process**

25 | **Violation of the Fair Employment and Housing Act**

26 |     32.    Domingo hereby incorporates by reference paragraphs 1 through 31 as set forth fully
27 | herein.

28 | ///

6

33.    Defendants were put on notice Domingo had PTSD, and that Domingo requested accommodation to continue working. Domingo's request for accommodation put Defendants on notice he needed help to continue working with information provided by his physician.

34.    Defendants ignored Domingo and failed to engage in a timely and good faith dialogue to determine the extent of his limitations and discuss options with him to allow him to continue to earn an income and be a productive member of the workforce.

35.    As a proximate result of Defendants' willful, intentional and malicious conduct, Domingo suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages against all Defendants. Plaintiff Domingo has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendant, including severe anxiety, physical ailments directly attributable to stress and other emotional trauma.

36.    As a proximate result of Defendant's willful, intentional and malicious conduct, Plaintiff has suffered and continues to suffer humiliation, embarrassment, and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of general and punitive damages against the Defendants.

37.    The Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for an improper and evil motive amounting to malice and with a reckless and conscious disregard of Domingo's rights. All actions of the Defendant's employees, and each of them, their agents, herein alleged were known, ratified and approved by the managing agents and officers of Defendants, and each of them. Domingo thus is entitled to recover punitive and exemplary damages from the Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial.

///

///

///

///

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

1

2

3

**FIFTH CAUSE OF ACTION**

**Failure to Correct**

**Violation of Government Code § 12940(k)**

4      38.      Domingo incorporates herein by reference paragraphs 1 through 37 as set forth fully

5  herein.

6      39.      Defendants were put on notice of the illegal behavior of its employees, supervisors

7  and managers against Plaintiff.  Rather than take immediate corrective action as is required under

8  the law, Defendant ignored the illegal behavior and ignored Plaintiff, and in fact took steps to cover

9  up its managers illegal actions.

10      40.      As a direct and proximate result of the conduct of Defendants and each of them,

11  Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost

12  wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits,

13  medical costs and expenses all in an amount to be determined according to proof at trial.

14      41.      As a further, direct and proximate result of the conduct of Defendants, and each of

15  them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional

16  distress.  Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all

17  of which caused and continues to cause Plaintiff severe physical and emotional injury, without

18  limitation in an amount to be determined according to proof at trial.

19      42.      As a proximate result of Defendant's willful, intentional and malicious conduct,

20  Plaintiff has suffered and continues to suffer humiliation, embarrassment, and extreme mental and

21  emotional distress.  Therefore, Plaintiff is entitled to an award of general and punitive damages

22  against the Defendants.

23      43.      The Defendants, and each of them, committed the acts alleged herein recklessly,

24  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for

25  an improper and evil motive amounting to malice and with a reckless and conscious disregard of

26  Domingo's rights. All actions of the Defendant's employees, and each of them, their agents, herein

27  alleged were known, ratified and approved by the managing agents and officers of Defendants, and

28  each of them. Domingo thus is entitled to recover punitive and exemplary damages from the

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

1 | Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based
2 | on the wealth and ability to pay according to proof at the time of trial.

3 | **SIXTH CAUSE OF ACTION**

4 | **Wrongful Termination in Violation of Public Policy**

5 |      44.    Domingo incorporates herein by reference paragraphs 1 through 43 as set forth fully
6 | herein.

7 |      45.    The public policy of the State of California prohibits an employer from terminating
8 | an employee due to a mental disability or retaliate against an employee for requesting a reasonable
9 | accommodation.

10 |      46.    This policy is expressed at California Government Code § 12920 et seq.

11 |      47.    Defendants' termination of Domingo's employment was in violation of the public
12 | policy of the State of California.

13 |      48.    As a proximate result of Defendants' willful, intentional and malicious indifference,
14 | Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore
15 | is entitled to an award of general and punitive damages against Defendant.

16 |      49.    Plaintiff has suffered and continues to suffer irreparable and other injury as a direct
17 | and legal result of actions of Defendants including severe anxiety, physical ailments directly
18 | attributable to stress and other emotional trauma. As a proximate result of Defendants willful,
19 | intentional and malicious conduct, Plaintiff has suffered and continues to suffer humiliation,
20 | embarrassment, and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an
21 | award of general and punitive damages against the Defendants.

22 |      50.    The Defendants, and each of them, committed the acts alleged herein recklessly,
23 | maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Domingo, for
24 | an improper and evil motive amounting to malice and with a reckless and conscious disregard of
25 | Domingo's rights. All actions of the Defendant's employees, and each of them, their agents, herein
26 | alleged were known, ratified and approved by the managing agents and officers of Defendants, and
27 | each of them. Domingo thus is entitled to recover punitive and exemplary damages from the

28 |

1  Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based

2  on the wealth and ability to pay according to proof at the time of trial.

3                                **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays for judgment as specifically set out below:

5        1.      For compensatory damages, including lost wages and benefits, and emotional

6  damages according to proof;

7        2.      For punitive damages;

8        3.      For attorneys' fees and costs;

9        4.      For any and all other further relief as the Court considers proper.

10  Dated:   April 25, 2022                    LAW OFFICES OF JILL P. TELFER

11

12

13                                          JILL P. TELFER
                                            Attorney for Plaintiff,
14                                          **DUSTIN DOMINGO**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION