UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DUSTIN DOMINGO,**<br><br>**Plaintiff**<br><br>v.<br><br>**UNDERGAROUND CONSTRUCTION CO., INC., QUANTA SERVICES, INC., and DOES 1-20 inclusive,**<br><br>**Defendants** | **CASE NO. 1:22-CV-0487 AWI SAB**<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>(Doc. No. 7) |

Currently pending is Defendants Underground Construction Co., Inc. ("UCC") and Quanta Services, Inc. ("QSI") 's (collectively "Defendants") motion to compel arbitration. See Doc. No. 7.

*Parties' Arguments*

Defendants contend that all claims in the Complaint are covered by an enforceable arbitration agreement. See id. The arbitration agreement was signed by Plaintiff and UCC. See id. Defendants contend QSI is covered by the arbitration agreement as a parent and/or affiliate of UCC. See id. Defendants request that the Court order the parties to arbitration and close this case.

Plaintiff Dustin Domingo ("Domingo") has filed an opposition that agrees that arbitration of all claims is appropriate. See Doc. No. 8. However, Domingo argues that the Court should simply stay this case until arbitration is complete. See id. Domingo contends that staying is appropriate because: (1) the Arbitration Act clearly requires a stay; (2) he will be left without the ability to appeal if the case is dismissed; and (3) QSI is not a signatory to the arbitration agreement and the statute of limitations would no longer be tolled against QSI if the Court dismisses the case and there is only 37 days left of the statute of limitations. See id.

*Legal Standard*

The Federal Arbitration Act states that any agreement within its scope "shall be valid, irrevocable, and enforceable," and permits a party "aggrieved by the alleged . . . refusal to arbitrate" to petition any federal district court for an order compelling arbitration.  9 U.S.C. § 4; Chiron Corp. v. Ortho Diagnostics Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  A district court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  Revitch v. DIRECTV, LLC, 977 F.3d 713, 716 (9th Cir. 2020); Chiron, 207 F.3d at 1130.  If the answer to both questions is 'yes,' the district court must enforce the arbitration agreement in accordance with its terms; there is no place for discretion by the district court.  Revitch, 977 F.3d at 716.  Thus, "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue."  Granite Rock Co. v. International Bhd. Of Teamsters, 561 U.S. 287, 299 (2010); Revitch, 977 F.3d at 716.  If a court orders the parties to arbitration, the Arbitration Act provides for the court to stay the matter pending completion of the arbitration.  See 9 U.S.C. § 3; Ziober v. BLB Res., Inc., 839 F.3d 814, 817 (9th Cir. 2016).  However, when all claims in a complaint are within the scope of an arbitration agreement, the court may dismiss the entire action instead of issuing a stay.  Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

*Discussion*

There is no dispute that there is a binding arbitration agreement in this case.  Moreover, there is no dispute that the claims in this case are subject to arbitration.  The only real dispute appears to be whether the Court should dismiss the case outright or simply stay the matter until arbitration is complete.

It is the Court's general preference to dismiss cases in which all claims are subject to arbitration.  See Valley Select Foods, Inc. v. Fordel Mktg., LLC, 2021 U.S. Dist. LEXIS 108360, *2 (E.D. Cal. June 8, 2021).  Parties generally request a stay because of the possibility that there

may be a challenge to the arbitration award or the necessity of a motion to enforce an arbitration award. Such concerns are often speculative, and nothing indicates that such additional procedures will be needed in this case. Further, this Court has one of the most congested dockets in the country. The Court detects nothing that is unique about this case that would strongly counsel in favor of the Court staying this action and actively monitoring the docket of this case to ensure that the parties inform it of a resolution.

Domingo's position with respect to losing an ability to appeal is unclear. If the Court stays this case, he cannot appeal that order. Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005). If the Court dismisses the case, he can appeal that order. Johnmohammadi, 755 F.3d at 1074. The Court is unaware of any authority that has identified the loss of an appeal (as provided by the Arbitration Act) as either a possible effect of dismissal or as a basis to stay a case instead of dismissing it. The fact remains that if all claims in a complaint are subject to arbitration, courts have discretion to dismiss the case. See Johnmohammadi, 755 F.3d at 1074; Sparling, 864 F.2d at 638.

With respect to QSI, Domingo does not explain the significance of QSI not being a signatory to the arbitration agreement or the relevance of 37 days remaining on the statute of limitations. The Defendants, including QSI, argue that all claims, which would include the claims against QSI, fall under the arbitration agreement. See Doc. Nos. 7, 9. The Defendants, including QSI, also argue that QSI is subject to the arbitration agreement. See id.[1] Domingo does not argue otherwise. See Doc. No. 8. If all claims and all defendants in this case are bound by and subject to the arbitration agreement, then having 37 days left on the statute of limitations is irrelevant because all claims in the Complaint, including those against QSI, will be resolved through the ordered arbitration. Through operation of the arbitration agreement and this order compelling arbitration, Domingo will not have the ability to litigate his claims against QSI in another court case, regardless of how many days remain on the applicable statute of limitations. Because the parties will be ordered to arbitration, there should be no statute of limitations issues.

---

[1] Because the Court is relying on these representations, it would seem likely that judicial estoppel would prevent QSI from taking a contrary position in another forum. See New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (discussing judicial estoppel); United States v. Ibrahim, 522 F.3d 1003, 1009 (9th Cir. 2008) (same); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001) (same).

In sum, Domingo has not demonstrated that staying this case is more efficient or desirable than dismissing it.  Therefore, because all claims will be sent to arbitration, the Court will exercise its discretion and dismiss this case.  See Johnmohammadi, 775 F.3d at 1074; Sparling, 864 F.2d at 638.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel arbitration (Doc. No. 7) is GRANTED;
2. The parties SHALL SUBMIT all claims pending in this matter to arbitration in accordance with the applicable arbitration agreement; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   August 18, 2022                                    _____
                                                                             SENIOR DISTRICT JUDGE